FILED
United States Court of Appeals
Tenth Circuit

May 6, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHN T. BARNES

Plaintiff - Appellant,

v.

ANGUS JEFFERY TIMMONS, JR.;
ANTHONY MORABITO, Officer,

Defendants - Appellees.

No. 13-1184
(D.C. No. 1:12-CV-01042-WJM-KMT)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff John Barnes, representing himself pro se, appeals the district court's

dismissal of his 42 U.S.C. § 1983 complaint. Plaintiff's complaint was based on his July

2010 arrest for criminal mischief. According to the allegations in Plaintiff's complaint,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff's neighbor, Defendant Angus Timmons, called the police and requested an officer to come to his residence. When Defendant Anthony Morabito responded to the scene, Mr. Timmons told him Plaintiff had pointed a red light into his vehicle and then thrown an object (a 9 volt battery) at the vehicle. Plaintiff told the officer he had been taking pictures of Mr. Timmons with his camera in order to document Mr. Timmons' reckless driving habits. Officer Morabito stated in his police report he noticed a 9 volt battery on the ground near Mr. Timmons' vehicle and further observed some minor damage to the vehicle. Although Plaintiff denied throwing anything at Mr. Timmons' vehicle, Officer Morabito arrested Plaintiff for criminal mischief.

In his § 1983 complaint, Plaintiff raised the following causes of action: (1) false arrest and violation of First Amendment rights against Officer Morabito; (2) conspiracy to violate civil rights and First Amendment rights against Mr. Timmons; (3) malicious prosecution against Mr. Timmons; and (4) intentional infliction of emotional distress against Mr. Timmons. The magistrate judge recommended dismissal of all of these claims. The magistrate judge concluded that the allegations in Plaintiff's complaint could not support a finding of false arrest because, even taking the allegations in the light most favorable to Plaintiff, Officer Morabito had probable cause to arrest Plaintiff for criminal mischief. The magistrate judge concluded Plaintiff's First Amendment claim failed because the allegations in his case did not link any retaliatory action to Plaintiff's exercise of his First Amendment rights. As for Plaintiff's conspiracy claim against Mr. Timmons, the magistrate judge concluded this claim failed both because the allegations in his

complaint did not suggest any kind of agreement to engage in concerted action and because Mr. Timmons was acting as a private citizen, not as a state actor who could be sued under § 1983. The magistrate judge concluded that Plaintiff's malicious prosecution claim against Mr. Timmons failed based on the fact that Plaintiff's arrest was supported by probable cause. Finally, the magistrate judge noted that intentional infliction of emotional distress is a state law claim, and the magistrate judge concluded the court should decline to exercise jurisdiction over this claim. The district court agreed with the magistrate judge's recommendations and dismissed all of Plaintiff's claims.

On appeal, Plaintiff argues there were disputed facts in this case which entitled him to a jury trial. He argues his arrest lacked probable cause because it was based on "the mere words of Defendant Timmons." (Appellant's Opening Br. at 4.) However, "[w]hen police officers obtain information from an eyewitness or victim establishing the elements of a crime, the information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that the information, or the person providing it, is not credible." *Pasiewicz v. Lake Cnty. Pres. Dist.*, 270 F.3d 520, 524 (7th Cir. 2001). Plaintiff also appears to argue that Mr. Timmons' allegations were not credible because the alleged damage to the vehicle was not consistent with the damage "a tiny 9 volt battery" would be likely to inflict. (Appellant's Opening Br. at 4-5.) However, the allegations in Plaintiff's complaint do not support this assertion. Additionally, Plaintiff did not allege in his complaint that Officer Morabito fabricated his reported observations of a battery near the vehicle; rather, the complaint alleges simply that Officer Morabito

-3-

"failed to preserve the 9 volt battery as physical evidence." (R. at 37.)  After thoroughly reviewing the briefing and the record on appeal, we conclude the facts alleged in Plaintiff's complaint do not support a conclusion that he was arrested without probable cause.  We also see no error in the magistrate judge's thorough explanation as to why each of Plaintiff's other claims were subject to dismissal.

Accordingly, for substantially the same reasons given by the magistrate judge and district court, we **AFFIRM** the district court's order of dismissal.

Entered for the Court


Monroe G. McKay
Circuit Judge